UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Jonathan Hedenberg,                                    Case No. 1:16-cv-3106

          Petitioner,

    v.                                                         MEMORANDUM OPINION
                                                                                                             AND ORDER

Neil Turner, Warden,

          Respondent.


## I.       INTRODUCTION

Petitioner Jonathan Hedenberg, acting *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254, related to his 2013 convictions on charges of rape and gross sexual imposition following his entry of guilty pleas in the Cuyahoga County, Ohio Court of Common Pleas. (Doc. No. 1). Magistrate Judge James R. Knepp, II reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I deny the petition. (Doc. No. 11). Hedenberg has filed objections to Judge Knepp's Report and Recommendation. (Doc. No. 12). For the reasons stated below, I overrule Hedenberg's objections and adopt Judge Knepp's Report and Recommendation.

## II.       BACKGROUND

In 2013, Hedenberg was indicted by two separate Cuyahoga County grand juries on charges of rape of a child under thirteen years of age with sexually violent predator specifications, kidnapping of a child under thirteen years of age with sexual motivation and sexually violent predator specifications, gross sexual imposition with sexually violent predator specifications, and

disseminating matter harmful to juveniles. Pursuant to a plea agreement, Hedenberg pled guilty to two counts of rape and two counts of gross sexual imposition. The remaining charges, as well as the sexually violent predator specifications, were dismissed.

Shortly after entering his guilty plea, Hedenberg attempted to withdraw that plea. The trial court questioned Hedenberg concerning his motion to withdraw his guilty plea and concluded Hedenberg had knowingly and voluntarily pled guilty and waived his right to proceed to trial. The trial court denied his motion. Hedenberg was classified as a Tier III sex offender and sentenced to a total of 32 years in prison.

Hedenberg does not object to Judge Knepp's recitation of the factual and procedural history of this case. I adopt those sections of the Report and Recommendation in full. (Doc. No. 11 at 1-10).

### III.    STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636. Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1).

Hedenberg asserts eight grounds for relief:

1. Ineffective assistance of counsel (a. counsel did not properly withdraw from the case; b. new counsel failed to file a notice of appearance; c. new counsel was not properly prepared to advise Petitioner).

2. "Did the Petitioner made [sic] a knowing, voluntary, and intelligent plea in the Lower Court."

3. "Did the Trial Court abuse its discretion when it denied the Petitioner's pre-sentence motion to withdraw his guilty plea?"

4. "The trial court committed a *plain error* in allowing trial counsel to withdraw without complying with the established rules of the court."

5. "The Trial Court committed a *plain error* in allowing a substitution of counsel in a manner contrary to law."

6. "The trial court committed a plain error when they failed to conduct proceeding necessary to carrying out a subpoena."

7. Ineffective assistance of appellate counsel.

8. "The Appellate court erred in not reviewing the application for reopening on its merits due to procedural issues and untimeliness."

(Doc. No. 11 at 7-24).

## A. PROCEDURAL DEFAULT

The procedural-default rule prohibits a federal court from reviewing a habeas petitioner's claims if (1) the state court declined to consider the merits of an issue because the habeas petitioner failed to comply with state procedural rules, or (2) if the petitioner failed to fully pursue a claim through the state's "ordinary appellate review procedures" and now no longer is able to raise the claim, unless the petitioner establishes cause for the default and resulting prejudice, or that a fundamental miscarriage of justice would occur if the claim is not reviewed. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999)).

Judge Knepp reviewed the state court record and concluded the claims contained in Hedenberg's first seven grounds for relief have been procedurally defaulted, and that Hedenberg fails to establish cause and prejudice or actual innocence to excuse his procedural default. (Doc. No. 11 at 13-26).

Hedenberg largely reiterates the arguments he previously presented in his habeas petition and his traverse. While not specifically describing his argument as an objection, Hedenberg contends his claims are not procedurally defaulted because "[t]he exhaustion requirement is excused when it would be futile for the petitioner to present his claims to the state court." (Doc. No. 12 at 2). Hedenberg goes on to argue the state appellate court's determination that his claims lacked merit was not correct:

> the claims on direct appeal <u>do not</u> lack merit but, rather lack sufficient merit to justify relief. Further, it is unlikely the Ohio Supreme Court would have ever accepted jurisdiction of the strictly state law claims. Therefore, presenting these claims to the Ohio Supreme Court would have been a futile act and exhaustion can be excused.

(Doc. No. 12 at 3 (emphasis in original)).

While a habeas petitioner is required to exhaust his remedies in state court, the exhaustion requirement applies only when state court remedies still are available at the time the petitioner files

4

his habeas petition. *Williams*, 460 F.3d at 806. When state court remedies no longer are available, a court must apply the doctrine of procedural default, not exhaustion. *Id.* The procedural-default rule prohibits habeas petitioners from avoiding the exhaustion requirement by failing to raise their federal claims in state court and "ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

Further, there is a "presumption that states maintain adequate and effective remedies to vindicate federal constitutional rights." *Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005). Hedenberg's disagreement with the state court's adjudication of his claims does not defeat this presumption, and his failure to give the state courts one full opportunity to consider each of his claims for relief means those claims are procedurally defaulted.

Even if I were to assume, as Judge Knepp did, that Hedenberg could establish cause for his default, he fails to show he suffered actual prejudice as a result. The state court of appeals alternatively considered the merits of Hedenberg's claims and concluded "Hedenberg's plea of guilty was entered knowingly, intelligently, and voluntarily [and] any claimed errors raised by Hedenberg are waived." *Ohio v. Hedenberg*, No. 102112, 2016 WL 3194241, at *3 (Ohio Ct. App., June 3, 2016). I overrule Hedenberg's objection and adopt Judge Knepp's recommendation. I conclude Grounds 1 through 7 of Hedenberg's habeas petition are procedurally defaulted.

### B. NON-COGNIZABLE CLAIMS

Habeas petitioners must present federal constitutional claims, as federal habeas relief is not available "based solely on an error of state law." *Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). Judge Knepp concluded Hedenberg failed to show the Supreme Court of Ohio created a "fundamentally unfair" process which might have violated Hedenberg's due process rights and therefore his eighth ground for relief is not cognizable in federal habeas proceedings. Hedenberg does not object to Judge Knepp's conclusion. I adopt

5

Judge Knepp's recommendation and dismiss Hedenberg's eighth ground for relief as non-cognizable in federal habeas proceedings.

## V.     CONCLUSION

For the reasons stated above, I overrule the objections of *pro se* Petitioner Jonathan Hedenberg, (Doc. No. 12), to the Report and Recommendation of Magistrate Judge James R. Knepp, II, (Doc. No. 11), and adopt the Report and Recommendation in full.  I conclude Grounds 1, 2, 3, 4, 5, 6, and 7 have been procedurally defaulted, and that Ground 8 is not cognizable.  Therefore, I deny Hedenberg's habeas petition.

Further, I certify there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge